(122 So. 502)

No. 29551.

## Kalil SLIMAN v. Farris J. NACOL.

April 22, 1929. Rehearing Denied May 20, 1929.

Dudley L. Guilbeau, of Opelousas, and Justin C. Daspit, of Baton Rouge, for appellant and intervener, Mrs. Katie Nolan.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellee and third opponent, Laurent Boutte.

Sandoz & Sandoz, of Opelousas, and Lazarus, Weil & Lazarus, of New Orleans, for appellee, plaintiff.

ST. PAUL, J. Plaintiff foreclosed on one of a series of four notes of $5,000 each. At the sheriff's sale the property brought $8,000. One Camille Saloom, son-in-law of defendant, claimed a right to share in the proceeds of sale, claiming to be the owner of *the other three notes*, which he claimed to have been lost or stolen out of his safe whilst the safe was in possession of the defendant, his father-in-law. Mrs. Katie Nolan, a close friend of defendant's wife, also intervened, claiming to be the owner and holder of *two of said notes*. Certain judgment creditors of the defendant, Laurent Boutte and others, also intervened, opposing the claims of Camille Saloom and Mrs. Katie Nolan, and demanding the proceeds of sale in excess of the claims of plaintiff; their claims being sufficient to absorb the whole of said balance.

The trial judge rejected the claims of Camille Saloom and of Mrs. Katie Nolan and maintained the claims of the other opponents, Laurent Boutte and others.

Camille Saloom has not appealed. Mrs. Katie Nolan appeals, and the only contest here is between her and the other interveners, to wit, Laurent Boutte and others.

The only issue involved is one of fact, to wit, whether Mrs. Katie Nolan is the bona fide holder of the two notes which she claims.

Thereupon the trial judge said:

"The interventions and third oppositions of Mrs. Katie Nolan and Camille Saloom should be dismissed at their cost, for the reason that the evidence in support of same does not ring true. In the opinion of the court both of these interventions were filed to enable the defendant, Nacol, to participate in the distribution of the proceeds of his property and to defeat his creditors from receiving their just dues. They were filed at his instance and for the purpose aforesaid. There is no merit in the same."

We have read the evidence and have reached the same conclusion. Both these interveners claimed to have received the notes in settlement of past-due indebtedness, and to have received them at or about the time they were issued. But we do not believe that defendant was indebted to them in any sum whatever, except that his wife had borrowed from Mrs. Nolan some $600 for the education of her son, which amount has long since been repaid. And the fact is that all the notes, except the one pledged to plaintiff (for $2,000), have been in the hands of the defendant continuously, or almost continuously, from the time of their issuance until the filing of this suit nearly four years afterwards.

The case of Parks v. Hughes, 157 La. 914, 103 So. 261, is not controlling. On questions of fact every case must necessarily stand on its own circumstances. In that case the evidence adduced sufficed to satisfy both the trial judge and this court that the holders of the bonds sued upon had acquired them

in good faith and for full consideration, and there was no question that they had possessed them at all times from their acquisition. Here the case is different; the interveners were not in possession of the notes claimed by them at any time before the filing of these proceedings, and we do not find as a fact that either of them showed with any certainty, or even presumption, that they had made any advances to the defendant, except as above said, or that they had the means to make such advances.

We think the trial judge has correctly disposed of the case.

The judgment appealed from is therefore affirmed.